**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WILLIAM E. DECKER, CODY HENSON, ADAM TYER, MATT NORMAN, BRANDON NIX, DAVID MARTINEZ, CHAD SMITH, JOE MEADE, ROY CHAMBERS AND DEREK FARMER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § § § § § § | |
| | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| VS. | § § § | |
| CASEDHOLE SOLUTIONS, INC. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 U.S.C. § 207 ("FLSA"), the named Plaintiffs allege violations of their statutory employment right to receive overtime pay from Defendant, Casedhole Solutions, Inc. (Hereinafter "Casedhole Solutions") as a result of Casedhole Solutions' failure to pay Plaintiffs and all those similarly situated employees overtime wages. Pursuant to 29 U.S.C. § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. Pursuant to 29 U.S.C. §216 (b), the named Plaintiffs also seek to represent all other similarly situated employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seek their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. Plaintiffs, William E. Decker, Cody Henson, Adam Tyer, Matt Norman, Brandon Nix, David Martinez, Chad Smith, Joe Meade, Roy Chambers and Derek Farmer are residents of the Eastern District of Texas. The Consents to join this action are attached as Exhibit A. Plaintiffs bring this action individually on their own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as representatives of two classes of individuals who are similarly situated and who have suffered the same or similar damages.

3. The Plaintiffs and "Potential Plaintiffs" are Defendant's current and former employees who operated or assisted in the operation of Defendant's wireline services and who were paid a salary for their work and/or improperly paid overtime wages.

4. Defendant, Casedhole Solutions, Inc. is an Oklahoma corporation doing business in the state of Texas with its principal place of business at 1720 North Airport Rd., Weatherford, OK 73096. Defendant may be served by delivering a copy of this Complaint to its registered agent for service, Harold Yoesel, 1811 N. Freeway, Houston, TX 77060.

## JURISDICTION AND VENUE

5. This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, and 1391. The Defendant maintains an office located within the Eastern District of Texas in Bullard, Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

## COVERAGE

6. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the putative Class Members.

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. Within the three years prior to this case being filed, Plaintiffs were employed at Casedhole Solutions' facility located at Bullard, Texas. Plaintiffs fall into two sub classifications: wireline operators and wireline engineers for Casedhole Solutions. The work performed for Casedhole Solutions by the wireline engineers was not exempt as defined under the FLSA. Casedhole Solutions pays its wireline operators on an hourly basis and pays overtime wages for hours worked over forty (40) in each workweek. However, Casedhole

Solutions did not include the job bonuses in calculating the operator's regular rate; therefore, the overtime wages were improperly calculated resulting in the underpayment of overtime wages.

12. Casedhole Solutions pays its wireline engineers on a salary basis and pays no overtime wages to these employees. Defendant's wireline engineers did not qualify for any applicable overtime exemptions and are therefore owed overtime wages for all hours worked in excess of forty (40) hours in each workweek.

13. Defendant operates in multiple locations. At these locations, Defendant employs other wireline operators and engineers who either operate or assist in the operation of Defendant's wireline business for Defendant's clients. These individuals do not receive properly calculated overtime pay for hours they work in excess of 40 per week.

14. All Plaintiffs regularly worked between 60 and 80 hours per work week and did not receive properly calculated overtime pay.

15. All Plaintiffs and the Potential Plaintiffs were paid regular, mandatory bonuses which were not included in Plaintiffs' regular rate of pay. The bonus payments should be included in Plaintiffs' regular rate for purposes of calculating the proper overtime premium. The wireline engineer Plaintiffs and the Potential Plaintiffs were not paid any overtime wages.

16. Finally, Defendant failed to maintain records of Plaintiffs' and the Potential Plaintiffs' hours worked in violation of 29 CFR Part 516.

17. Defendant operates out of offices located in Oklahoma, Texas, Louisiana, New Mexico, Pennsylvania, North Dakota and the Rocky Mountain states. Plaintiffs allege that the unlawful pay practices committed by Defendant were consistent across all locations operated by Defendant.

18. Defendant is a company that is engaged in interstate commerce. Its annual gross dollar volume of sales is in excess of $500,000 per year.

19. Plaintiffs believe and, therefore, alleges that the failure of Casedhole Solutions to pay overtime pay to Plaintiffs and the Potential Plaintiffs was intentional.

## CLAIMS

20. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiffs allege that the failure to pay Plaintiffs and all those similarly situated for all hours worked is a direct violation of the FLSA and its accompanying regulations. Plaintiffs further allege that the failure to pay Plaintiffs and all those similarly situated one and one-half their properly calculated regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiffs allege that failing to include bonuses into the regular rate of pay for overtime purposes is a violation of the FLSA and its accompanying regulations. Plaintiffs and all those similarly situated are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

21. Additionally, Defendant has violated the FLSA regulations (29 CFR pt 516) regarding recordkeeping of the hours worked by Plaintiffs.

## COLLECTIVE ACTION

22. Pursuant to 29 U.S.C. § 216 (b), Plaintiffs William E. Decker, Adam Tyer, Matt Norman, Brandon Nix, David Martinez, Roy Chambers, Chad Smith, Joe Meade and Derek Farmer bring this action in their individual capacities as wireline operators and as a collective action. As alleged in detail elsewhere herein, William E. Decker, Adam Tyer, Matt Norman, Brandon Nix,

David Martinez and Derek Farmer seek this court's appointment and/or designation as representatives of the Wireline Operator Potential Plaintiffs.

23. Additionally, Cody Henson, Matt Norman and Brandon Nix bring this action in their individual capacities as wireline engineers and as a collective action. As alleged in detail elsewhere herein, Cody Henson, Matt Norman and Brandon Nix seek this court's appointment and\or designation as representatives of the Wireline Engineer Potential Plaintiffs.

24. On information and belief, there are numerous individuals who operate or assist in the operation of Defendant's wireline services who were not paid for all overtime hours worked for Casedhole Solutions as described herein or who received bonuses which were not included in the regular rates of pay for overtime purposes. The questions of law and fact are common to Plaintiffs and the Potential Plaintiffs. The failure to pay these individuals for the overtime hours worked was common to Plaintiffs and the Potential Plaintiffs.

25. The named Plaintiffs specifically request that they be permitted to serve as a representative plaintiffs for the Potential Plaintiffs, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

26. Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and the Potential Plaintiffs recover from Casedhole Solutions, Inc. the following:

1. The unpaid wages and overtime due to them;
2. Liquidated damages due to them as authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and

5. Such other and further relief as the Court deems just.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFFS